IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL NO. 1:16-CR-114-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | ) |
| | ) |
| DAVID MICHAEL DAKOSKI, | ) |
| | ) |
| Defendant. | ) |

THIS MATTER is before the Court on the Defendant's "Motion and Memorandum in Support of Motion to Suppress Evidence Obtained as a Result of Illegal Search Warrant," Doc. 17, filed on November 28, 2016. The "Government's Response to Motion to Suppress," Doc. 20, was filed on December 20, 2016. Defendant's "Reply to Government's Response to Motion to Suppress," Doc. 23, was filed on December 22, 2016.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for consideration.

Having fully considered the record and counsel's submissions, the undersigned respectfully recommends that Defendant's Motion to Suppress be denied, as discussed below.

## I. FACTUAL BACKGROUND

On October 4, 2016, Defendant was charged in a Bill of Indictment, Doc. 3, with three counts of receipt and attempted receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and one count of possession of child pornography in violation of 18 U.S.C. §

2252A(a)(5)(B).  On November 28, 2016, Defendant moved to suppress evidence seized at his residence on June 25, 2015.  Doc. 17.  The briefs submitted establish the following pertinent facts:

On June 16, 2015, Special Agent Richard Sean Walton with Homeland Security Investigations (HSI) obtained a Search Warrant from United States Magistrate Judge Dennis L. Howell. The Warrant authorized the search of the "Residence and all Buildings, Property, and Premises located at 48 Riceville Road, Apt. B114, Asheville, NC 28805" for images of child pornography, various computer devices, information pertaining to child pornography, and other identifying records. See Search Warrant Application "ATTACHMENT A" and "ATTACHMENT B" of Document 17-1.

In the Search Warrant Affidavit Special Agent Walton stated that in October 2014, the Switzerland Federal Office of Police investigated a web-board picture gallery site that was being operated out of Zurich, Switzerland.  Doc. 17-1 at p.22.  Swiss police seized the server and analyzed log files contained therein to identify users who had accessed the site.  They reported that the site contained "sexual images of females of which approximately 20% involved minor children while 80% involved adults." Id. at p.23.  This analysis led to identification of a U.S. Internet Protocol (IP) address that had been used on August 6, 2014 to download thirteen images of minors engaging in sexually explicit conduct. Id. at p.24.  Swiss police reported that the user of that IP address (75.139.83.215) (hereinafter referred to as "target IP address") had downloaded thirteen images of child pornography from the site during a two-hour time period on August 6, 2014. Id. The Affidavit described the images as depicting pubescent and prepubescent minors making lewd and lascivious exhibitions of their genitals.

In paragraph 53 the Affidavit further described that on February 16, 2015, an Administrative Subpoena was issued to Charter Communications concerning the IP address described in paragraph 52 (which referenced the relevant dates and times by referring to "the IP address described in the foregoing paragraph"). The account holder was identified as "David DAKOSKI" at the "SUBJECT PREMISES" (defined in paragraph 4 as "48 Riceville Road, Apt. B114, Asheville, North Carolina 28805"). Id. at p.26. The Affidavit thus established that a specific IP address had downloaded child pornography via the Internet on a particular date and that the account holder during the relevant period was the Defendant who lived at the 48 Riceville Road address. The subpoenaed information showed that Charter identified IP address 75.139.83.215 as having been assigned to "DAVID DAKOSKI" at "48 RICEVILLE RD APT B114 ASHEVILLE NC 28805." Id.

The Affidavit further stated that agents had reviewed publicly available databases and DMV records which corroborated that Defendant was still living at the address. Id. In addition, Special Agent Walton learned from the property manager that Defendant lived alone in the apartment. Id. at 26-27.

Special Agent Walton included two sections in the Search Warrant Affidavit entitled "Background Regarding Seizure of Computers" and "Background Regarding the Internet" that identified what evidence agents must collect in a child pornography investigation and how IP addresses are used to identify suspects. Id. at pp.17-22. Specifically, he stated "Every computer or device on the Internet is referenced by a unique IP address the same way every telephone has a unique telephone number." Id. at p.20. The Affidavit also explained that investigative techniques allow computer files to be recovered months or years after they have been downloaded, deleted or viewed on the Internet. Id. at 21-22. He also explained that individuals who view the material

online usually save child pornography files on computer, thumb drives, and other electronic storage devices. Id. at 27.

Based upon the foregoing, Special Agent Walton concluded that "there is probable cause to believe child pornography, and other evidence of the use of computers to traffic in child pornography as set forth in the search warrant, will be found in the items seized from 48 Riceville Road, Apt B114, Asheville NC 28805 and that those items of child pornography constitute evidence of violations of the laws of the United States." Id. at 27.

On June 25, 2015 Special Agent Walton led a team of agents to execute the Search Warrant at 48 Riceville Road, Apartment B114 in Asheville. At the time of execution, Defendant was at his place of employment and the apartment was unoccupied. Agents searched the apartment and seized numerous electronic devices. Special Agent Walton and another officer traveled to Defendant's workplace to interview him. In a non-custodial interview, Defendant admitted to his interest in child pornography. He told the agents that he had last viewed child pornography "yesterday" and that he used it as a "stress reliever." Defendant admitted to being the subject of a child pornography investigation in the past. A forensic analysis of Defendant's devices revealed approximately 20,000 images and seventy-nine videos of child pornography.

## II. DISCUSSION

The issues before this Court are (1) whether the search warrant was supported by probable cause and (2) whether Defendant is entitled to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

The Fourth Amendment to the Constitution provides that "no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be

searched, and the... things to be seized." U.S. CONST. amend IV. Before issuing a search warrant, the issuing judge must find probable cause that a crime has been committed. See Illinois v. Gates, 462 U.S. 213, 235 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238; see also United States v. Grubbs, 547 U.S. 90, 90 (2006). The Fourth Circuit has determined that "the nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inference of where one would likely keep such evidence." United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988).

The magistrate judge's initial probable cause determination is entitled to "great deference." Gates, 462 U.S. at 236 ("after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review"). A search warrant should be upheld if the issuing judge had a "substantial basis" for concluding that probable cause existed for the search. See id. at 238-39. Further, this determination should be made based upon the totality of the circumstances as set forth in the supporting affidavit, including any corroborating evidence of information that has been obtained. United States v. Hodge, 354 F.3d 305, 309 (4th Cir. 2004).

Defendant argues that the information in the Search Warrant Affidavit failed to establish probable cause that child pornography would be found at the apartment to be searched. Specifically, Defendant argues that the target IP address was the only information in the Affidavit linking Defendant's apartment to the suspected criminal activity. He argues that the Affidavit failed to identify the account holder of the target IP address on August 6, 2014 when the images were downloaded, or state whether Defendant lived at 48 Riceville Road, Apt. B114 on August 6, 2014. Doc. 17 at p. 5.

Defendant argues that he is entitled to a Franks hearing because Special Agent Walton recklessly omitted certain information about how IP addresses operate resulting in an exaggeration of the facts establishing probable cause. Defendant argues that Special Agent Walton omitted any explanation that a single IP address may support multiple computer devices which can be accessed simultaneously by multiple individuals through the use of a wireless router. Instead, he misleadingly suggested that an IP address identifies a particular computer user by stating, "[t]he ISP assigns each user an Internet Protocol ("IP") Address. Each IP address is unique. Every computer or device on the Internet is referenced by a unique IP address the same way every telephone has a unique telephone number." Doc. 17-1 at p. 20. Defendant also argues that Special Agent Walton also failed to explain that an individual's IP address may change if the individual changes his modem or internet service provider.

The Government asserts that probable cause was established based upon the totality of circumstances. Special Agent Walton detailed his extensive experience in the Affidavit. The Affidavit contained a comprehensive explanation of computers as well as a description of how computer files, images, and other data may be recovered months or years after they are downloaded or viewed on the Internet. The Affidavit also explained that it is known, based upon law enforcement training and experience, that individuals who view child pornography online save the files on electronic storage devices such as computers and thumb drives. The Affidavit also informed the magistrate judge of the nature of the website. Defendant does not allege that this description was misleading. Defendant's conduct on that website was specified in the Affidavit along with the dates when that conduct occurred. Detailed descriptions of the images downloaded by the Defendant were provided in the Affidavit. The Government concludes that based upon the

totality of circumstances, there was a substantial basis for the magistrate judge's probable cause determination and subsequent issuance of the search warrant. Doc. 20 at p. 6-9.

The Court finds that based upon the totality of circumstances here, there was sufficient evidence for the magistrate judge to find that probable cause existed to search the apartment. The Affidavit contains a detailed description of the website and Defendant's activities on the website, including downloading thirteen images of child pornography. The Affidavit also explains how computer files may be recovered months or years after they have been downloaded.

A criminal defendant may challenge a search warrant pursuant to Franks in two instances: (1) when an affidavit contains a false material statement or (2) when the affiant has omitted material facts from the affidavit. United States v. Wharton, 840 F.3d 163, 168 (4th Cir. 2016). Franks also requires a showing that the affiant either intentionally or recklessly omitted the material facts. Id. Allegations of negligence or mistake are insufficient for a Franks hearing. Franks, 438 U.S. at 171. Here, Defendant alleges a reckless omission of facts concerning the operation of Internet Protocol addresses.

Defendant bears a higher burden of proof when alleging an omission in a search warrant affidavit. United States v. Tate, 524 F.3d 449, 455 (4th Cir. 2008) (citing U.S. v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990)) ("an affidavit offered to procure a search warrant 'cannot be expected to include … every piece of information gathered in the course of an investigation.'"). A defendant must show that an omission was "necessary to the finding of probable cause" and that the "omission was designed to mislead or was made with reckless disregard of whether it would mislead" the issuing judge. Tate, 524 F.3d at 455. Even if those requirements are met, a Franks

hearing is not required where sufficient content remains in the Affidavit to support probable cause. Franks, 438 U.S. at 171-72.

In United States v. Wharton, 840 F.3d 163, 168-69 (4th Cir. 2016), the Fourth Circuit considered whether an alleged omission was "material." An omission must be more than merely relevant. "Even if relevant, information is not material unless its inclusion in the affidavit would defeat probable cause." Id. (citing United States v. Colkley at 301.) To assess materiality, the Court should "insert the facts recklessly [or intentionally] omitted, and then determine whether or not the corrected warrant affidavit would establish probable cause. If the corrected warrant affidavit establishes probable cause, there is no Franks violation." Wharton at 169 (internal quotation marks omitted).

The alleged omission is not material here. Probable cause would still exist even if the facts asserted by Defendant were inserted into the Affidavit. Defendant suggests that the magistrate judge was misled because the Affidavit omitted an explanation that multiple computers could be accessing the Internet through the same IP address. But as is plain from reading the Affidavit, the Search Warrant was directed at a specific residence that was tied to the target IP address. The Affiant stated that agents sought to seize all computers and electronic devices from that residence. The Affiant never identified a particular computer. Defendant does not explain how the lack of more general information about IP addresses diminishes the probable cause established in the Affidavit.

Nor does Defendant explain how the possibility of multiple computers accessing the internet through one router extinguishes probable cause. In Colkley, the Fourth Circuit determined that information omitted from an affidavit about composite height descriptions in a suspect line up

was not necessary for a probable cause determination. United States v. Colkley, 899 F.2d 297, 301-02 (4th Cir. 1990). The Court found that the omission must be necessary for a probable cause determination rather than just potentially affect that determination. Id. The Court held that the issuing judge must consider the totality of circumstances under Illinois v. Gates, 462 U.S. 213 (1983), in determining probable cause. Id. The affidavit before the court in Colkley, although omitting information about a suspect line up, included eyewitness identification of the suspect, information about the suspect's past criminal activity, and independent corroboration of tips by law enforcement. Id. That information was sufficient for a probable cause determination. Id.

Defendant's arguments are similar to those made in other circuits concerning "open wi-fi" and the possibility of a neighbor or passerby accessing a defendant's internet connection. In United States v. Perez, 484 F.3d 735 (5th Cir. 2007), the Fifth Circuit rejected such an argument. The defendant in Perez "argue[d] that the association of an IP address with a physical address d[id] not give rise to probable cause to search that address. He argue[d] that if he used an unsecure wireless connection, then neighbors would have been able to easily use [Perez's] internet access to make the transmissions." Id. at 740 (internal quotations omitted). The Court concluded that this did not undermine probable cause because, although it was possible that the transmission could have originated outside the residence "to which the IP address was assigned [i.e. Perez's residence], it remained likely that the source of the transmission was inside the residence." Id. See also, United States v. Thomas, No. 5:12-cr-37, 2012 WL 4892850, (D. Vt. October 15, 2012); United States v. Larson, No. 10-00328-01-CR-W-DW, 2011 WL 3837540 (W.D. Mo. August 1, 2011); United States v. Chamberlin, No. 09-CR-6169CJS, 2010 WL 1904500, at *7 (W.D.N.Y. May 12, 2010) (finding "unpersuasive [defendant's] argument that the search warrant application lacked probable cause because of the possibility that another person or computer could have gained access to the

internet using [defendant's] IP address[,]" and concluding that "it was reasonable to assume that the address associated with the IP address was responsible for activity connected to that IP address[.]"); United States v. Carter, 549 F.Supp.2d 1257 (D. Nev. 2008)(information concerning the wireless signal and IP spoofing does not negate probable cause when an IP address attempting to download child pornography was linked to a house by subscriber information); U.S. v. Courtney, No. 4:07CR00261 JLH, 2008 WL 4998997, at *4 (E.D. Ark. November 20, 2008) ("Law enforcement officers were not required to negate every possible explanation for child pornography having been sent from [a defendant's] IP address before applying for a search warrant to search the apparent source – [the defendant's] computer. When federal agents hear hoof beats, they are not required to eliminate the possibility of zebras before requesting to search for horses."). See also United States v. Haymond, 672 F.3d 948, 959 (10th Cir. 2012) (probable cause established for search warrant in child pornography case when affidavit stated that undercover agent identified a user with an IP address linked to defendant's residence who had numerous files of child pornography available for other users to access, view and download); United States v. Vosburgh, 602 F.3d 512, 526 (3d Cir. 2010) (probable cause established in child pornography case when someone using a computer with a certain IP address attempted to download contraband and at that time the IP address was assigned to a Comcast account registered to defendant's apartment).

The Court does not find the alleged omission to be reckless or material. Even if the omitted facts had been included, the Search Warrant Affidavit would still have established probable cause. Consequently, Defendant is not entitled to a Franks hearing.

Based upon the totality of the circumstances, the Court finds that the Search Warrant Affidavit established probable cause and the Motion should be denied.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the Defendant's "Motion to Suppress" be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Martin Reidinger.

**SO RECOMMENDED.**

Signed: January 18, 2017

David S. Cayer
United States Magistrate Judge