# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00114-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DAVID MICHAEL DAKOSKI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Suppress [Doc. 17]; the Magistrate Judge's Memorandum and Recommendation regarding that motion [Doc. 24]; the Defendant's Objections to the Magistrate Judge's Recommendation [Doc. 25]; and the Government's Supplement to Motion to Suppress Response [Doc. 30].

On January 18, 2017, the Honorable David S. Cayer, United States Magistrate Judge, issued a Memorandum and Recommendation, recommending that the Defendant's Motion to Suppress be denied. [Doc. 24]. The Defendant timely filed Objections to the Memorandum and Recommendation on January 27, 2017. [Doc. 25].

In his Objections, the Defendant argues *inter alia* that the Magistrate Judge erred in his finding that the affidavit presented in support of the search warrant application established that the Defendant was the account holder of the subject IP address during the relevant time period (i.e., August 6, 2014). On the contrary, the Defendant contends, the affidavit identifies the Defendant as the account holder on *February 24, 2015*, the date of the administrative subpoena, not during the time of the alleged illegal conduct.

In support of this argument, the Defendant points to ¶ 53 of the affidavit. When this paragraph is read in conjunction with the immediately preceding paragraph, however, the Defendant's argument falls short. Those two paragraphs read, in pertinent part, as follows:

> 52. Review of the access logs related to the TARGET IP ADDRESS revealed that this IP address was used to access the aforementioned server on August 6, 2014 from 14:52:21 hours until 16:41:00 hours. The information provided by Swiss law enforcement showed that the user of the TARGET IP ADDRESS had downloaded thirteen images of minors engaging in sexually explicit conduct . . .
>
> 53. On February 16, 2015, an administrative subpoena was issued to Charter Communications *in regards to the IP address described in the foregoing paragraph*. A review of the results obtained on February 24, 2015, identified the following account holder: David DAKOSKI of SUBJECT PREMISES.

[Doc. 1-1- at 19, 21 (emphasis added)]. When these two paragraphs of the affidavit are read together, it is clear that the affidavit is referring to the ownership of the IP address *on August 6, 2014*, and not as of the date of the subpoena. This reading is further confirmed by the language of the administrative subpoena and Charter Communications' response thereto, both of which clearly indicate that the information sought pertained to the identity of the account holder of the IP address as of August 6, 2014, not as of the date of the subpoena.[1]

Because the agent's affidavit provides sufficient specificity regarding the account holder of the subject IP address during the relevant time period on August 6, 2014, the Court concludes that the warrant for the search of the Defendant's residence was adequately supported by probable cause. The Defendant's objection on this issue is therefore overruled.

Having reviewed *de novo* the remainder of the Defendant's objections to the Memorandum and Recommendation, the Court finds that the Magistrate Judge's proposed findings of fact are correct and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules all of the Defendant's objections and

---

[1] At the request of the Court, the parties supplemented the record with these materials on May 31, 2017. [See Doc. 30].

accepts the Magistrate Judge's recommendation that the Defendant's Motion to Suppress be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections to the Magistrate Judge's Recommendation [Doc. 25] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 24] is **ACCEPTED**; and the Defendant's Motion to Suppress [Doc. 17] is **DENIED**.

**IT IS SO ORDERED.**   Signed: June 2, 2017

Martin Reidinger
United States District Judge