# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00114-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DAVID MICHAEL DAKOSKI, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court the Defendant's "Motion of Modification of an Imposed Term of Imprisonment Due to Extraordinary and Compelling Reasons 18 U.S.C. § 3582(c)(1)(A)(i)." [Doc. 68]. The Government opposes the Defendant's motion for a reduction of his sentence. [Doc. 70].

**I.   BACKGROUND**

In January 2018, the Defendant David Michael Dakoski was convicted of three counts of receiving child pornography, in violation of 18 U.S.C. §§ 2252(a)(2)(A) and 2252A(b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(5)(B) and 2252A(b)(2). [Doc. 54]. The Court sentenced the Defendant to a term of 100 months' imprisonment and lifetime term of supervised release. [Id.]. The Defendant

is currently serving his sentence at FCI Ashland, and his projected release date is November 24, 2022.[1]

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 68]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.]. The Court ordered the Government to respond to the Defendant's motion, and the Government filed its response on November 6, 2020. [Doc. 70]. This matter is now ripe for adjudication.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

---

[1] See https://www.bop.gov/inmateloc/ (last visited Nov. 10, 2020).

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well. See United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

3

U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a

>correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The defendant's age can also constitute an extraordinary and compelling reason for a reduction in sentence. This standard is met if the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13, cmt. n.1(B). The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Defendant is 58 years old. He claims that his underlying health conditions—namely, obesity, depression, hypertension, high

5

cholesterol, and a history of heart attack and stroke—place him at a higher risk of COVID-19 related complications. The Government concedes that obesity, hypertension, and a history of stroke may place the Defendant at an increased risk of severe illness. However, the BOP medical records submitted by the Government indicate that the Defendant's medical conditions are well-treated and managed by the BOP. [See Doc. 69]. The mere fact that the Defendant faces a potential risk of contracting COVID-19 or suffering complications therefrom is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[3] This is especially true where, as here, the Defendant is housed in a facility that currently has only one active case among inmates and one active case among the staff.[4] For all these reasons, the Court concludes that

---

[3] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

[4] See http://www.bop.gov/coronavirus (last visited Nov. 10, 2020) (also noting no deaths, 7 inmates recovered, and 5 staff members recovered).

the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant was convicted of four counts of child pornography. The Defendant possessed nearly 11,000 such images and 79 such videos. Forensics recovered over 9,000 additional illicit child pornography images in unallocated space. [See Doc. 46: PSR at 5]. Most of the Defendant's collection depicted prepubescent child victims. [Id.]. The Defendant's interest in child pornography dated back long before the present case as well, and he had been investigated by the FBI because of similar activity in 2003. [Id. at 6]. In light of the circumstances of the Defendant's offense, the Court finds that the sentence that was previously imposed adequately

7

reflects the nature and circumstances of the offense and the need for the sentence to afford adequate deterrence to criminal conduct. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B).  As for the other relevant sentencing factors, the Defendant has not given the Court sufficient reason to alter its original analysis of the remaining factors under § 3553(a).

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion of Modification of an Imposed Term of Imprisonment Due to Extraordinary and Compelling Reasons 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 68] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 11, 2020

Martin Reidinger
Chief United States District Judge